UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY CLARDY,

   Plaintiff,

v.

MICHAEL MULLENS, PATRICK MERRY and
KEVIN SMITH,

   Defendants.
_____/

Civil Action No. 12-cv-11153

District Judge Bernard A. Friedman
Magistrate Judge Laurie J. Michelson

### ORDER DENYING MARK LAMOTHE AND
### WARREN LEE JOHNSON'S MOTIONS TO JOIN PLAINTIFF'S SUIT [14, 18]

  This is a civil rights action brought pursuant to 42 U.S.C. § 1983 in which *pro se* prisoner Barry Clardy ("Plaintiff") alleges that Defendant prison officials Michael Mullens, Kevin Smith and Patrick Merry ("Defendants") violated his Fourteenth Amendment rights to due process by putting him in segregation without a hearing and his First Amendment rights through a retaliatory prison transfer. (Dkt. 1, Compl. at 1-2, 8.)

  On May 23, 2012 and June 4, 2012, respectively, Prisoners Mark Lamothe and Warren Lee Johnson filed motions to join this § 1983 suit claiming that they too had been put in administrative segregation without a hearing. (Dkts.14, 18; *see also* Dkts. 26, 30.)[1] Defendants filed a response

---

[1] The Court is proceeding by Order because motions for joinder have been considered non-dispositive by courts in this Circuit. *See e.g., Hudson v. Caruso*, No. 1:10-CV-58, 2011 WL 1042286, at *2 (W.D. Mich. Mar. 18, 2011) ("Plaintiffs also appeal the Magistrate Judge's order denying motions for intervention and joinder. In considering an appeal of a Magistrate Judge's ruling on a nondispositive pre-trial motion, the Court applies a 'clearly erroneous or contrary to law' standard of review." (internal citation omitted)).

on June 19, 2012. (Dkt. 20.) The case has been referred to this Court for all pretrial proceedings. (Dkt. 12.) For the reasons set forth below, the motions to join are **DENIED**.

## I. BACKGROUND

### A. Plaintiff's Section 1983 Suit

Plaintiff alleges that on January 10, 2011, while incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, he was taken to the office of MDOC Inspector Mullens' and questioned by Inspectors Mullens and Merry. (Dkt. 1, Compl. at 3.) After telling the Defendant-Inspectors that he did not know why he was there, the Defendants finally told Plaintiff that they were interested in learning about a truck driver from Michigan State Industries ("MSI") where Plaintiff worked. (*Id.*) Clardy told them he knew nothing, and they let him go back to work. (*Id.*)

On January 11, 2011, Sergeant Miller served Plaintiff with a Notice of Intent. (Dkt. 1, Compl. at 4.) The Notice stated in relevant part that Plaintiff was assigned to work "in a secured area in MSI [and] during a shakedown of MSI there were several contraband items found . . . . [and that Plaintiff was] placed in segregation pending investigation." (Dkt. 1, Ex. 1, Pl's. Brief in Supp. of Compl. at 2.) The Notice also contained a hearing date of January 12, 2011. (*Id.*) Plaintiff alleges that he never received a hearing and on January 13, 2011, was removed from segregation and transferred to the Ryan Correctional Facility. (*Id.*) Plaintiff further alleges that he was transferred on orders from Inspectors Mullens and Merry. (Dkt. 1, Ex. 1, Pl's. Brief in Supp. of Compl. at 2.) Subsequently, Plaintiff filed this suit against Inspectors Mullens and Merry, and Administrative Assistant Kevin Smith. (Dkt. 1, Compl at 8.)

### B. The Motions for Joinder

MDOC prisoners Lamothe and Johnson filed identical Motions to Join the present lawsuit. Lamothe and Johnson contend that they were "placed in segregation on the same day as Barry Clardy, and [they] also received a notice of intent on 1/11/11, with a hearing date of 1/12/11 but [they] never got any hearing, and the notice of intent stated the same exact thing as Clardy's." (Dkt. 14, Lamothe Mot. to Join at 1, Dkt. 18, Johnson Mot. to Join at 1.) The Motions further state that Lamothe and Johnson were also transferred on January 13, 2011 — but fail to identify the prisons they were in or the prisons they were transferred to. (*Id.*) The Motions state that the prisoners were wronged, "just as Clardy was" by Inspectors Mullens and Merry. (*Id.*)[2]

On June 27, 2012 and July 2, 2012, Lamothe and Johnson filed respective motions to join which this Court construes as replies to Defendants' Response to the Motions to Join. (Dkts. 26, 30.) The replies include a copy of Lamothe and Johnson's Notices of Intent. (Dkt. 26, Ex. 1; Dkt. 30, Ex. 1.) The Court has verified that they are, as claimed, identical to Plaintiff's Notice of Intent. (*Id.*)

## II. ANALYSIS

### A. Permissive Joinder Under Fed. R. Civ. P. Rule 20(a)

Federal Rule of Civil Procedure 20(a) provides:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a). Failure to meet both requirements renders joinder of plaintiffs impermissible.

---

[2] Lamothe and Johnson also state that each "is down as a witness." (*Id.*) The Court believes they are referring to the fact that Plaintiff listed them as witnesses in his Complaint and they are also listed as witnesses on Plaintiff's Notice of Intent. (Dkt. 1, Compl. at 2; Dkt. 1, Ex. 2.)

3

*See e.g., In re EMC Corp.*, 377 F.3d 1351, 1357 (Fed. Cir. 2012). For claims to arise out of the same transaction(s) or occurrence(s), they must share "an aggregate of operative facts." *Id.* at 1358. Regarding the common question of law or fact requirement, the Rule does not require that *all* questions of law or fact be common; rather, the Rule permits joinder when there is at least one common question. *See e.g., Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1324 (11th Cir. 2000). These two requirements of Rule 20(a) are flexible and meant to be read broadly when doing so promotes judicial economy. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (noting that joinder of parties is "strongly encouraged."). Additionally, Rule 20(b) allows the Court to exercise discretion in not permitting joinder when it would be more efficient for the parties to try their claims separately. *See e.g., Coleman v. Quaker Oats Co.*, 232 F. 3d 1271, 1296 (9th Cir. 2000).

### B. Judicial Economy Militates Against the Joinder of Claims

Even assuming that Lamothe and Johnson have satisfied the requirements of Fed. R. Civ. P. 20(a), joinder of their claims would not promote judicial economy, which is the explicit purpose of Rule 20. *See Coleman*, 232 F. 3d at 1296. First, Defendants explain in their Response to the Motions, that it appears Johnson has not exhausted all of his administrative remedies. Thus, joining Johnson as a plaintiff here would undoubtedly cause delay while the Court determines the exhaustion issue. *See Morgan v. Cohen*, No. 2:11-cv-11780, 2011 WL 2461470, at *2 (E.D. Mich. June 16, 2011) (citing *Fisher v. Taylor*, No. 10-3991(RBK), 2010 WL 3259821, at *3 (D.N.J. Aug. 17, 2010) (stating that joinder may not be appropriate where a separate determination is required to determine whether plaintiffs have complied with the exhaustion requirement and citing cases)).

Joinder is also inappropriate because Clardy, Lamothe and Johnson are all incarcerated in different MDOC facilities, roughly two hours apart, which makes conducting litigation

impractical.[3] Courts in this District have discussed the "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743 (E.D. Mich. 2009) (citing *Boretsky v. Corzine*, No. 08-2265(GEB), 2008 WL 2512916, at *6 (D.N.J. June 23, 2008).

As the *Proctor* court explained:

> Among the difficulties . . . are the need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the join litigation. A Wisconsin federal court also found that permitting multiple prisoner-plaintiffs to proceed in a single action invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs. *Ghashiyah v. Frank*, 2008 U.S. Dist. LEXIS 18378, 2008 WL 680203, *1 (E.D. Wis. 2008). Moreover, it often results in pleadings being filed on behalf of plaintiffs without their consent. *Id.*
>
> Some courts have also noted that "jail populations are notably transitory, making joint litigation difficult." *Boretsky*, 2008 U.S. Dist. LEXIS 48003 at *5, citing, *White v. Tennessee Bd. Of Probation and Paroles*, 2007 U.S. Dist. LEXIS 65187, 2007 WL 1309402 (W.D. Tenn. 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Other District Courts have also pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Boretsky*, 2008 U.S. Dist. LEXIS 48003 at *6, citing *Worthen v. Oklahoma Dept. Of Corrections*, 2007 U.S. Dist. LEXIS 94694, 2007 WL 4563665 (W.D. Okla. 2007) (Report and Recommendation), Report and Recommendation adopted in pertinent part, 2007 U.S. Dist. LEXIS 94694, 2007 WL 4563644 (W.D. Okla. 2007): *Lilly v. Ozmint*, 2007 U.S. Dist. LEXIS 49153, 2007 WL 2022190 (D. S.C. 2007).

*Proctor*, 661 F. Supp. 2d at 780. In sum, "prisoners are not in the same situation as non-prisoner

---

[3] Clardy and Johnson are incarcerated in facilities in the Eastern District, while Lamothe is incarcerated in a facility in the Western District.

joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* (citing *Boretsky*, 2008 WL 2512916 at *6).

Additionally, "prisoners should not be allowed to proceed with multiple plaintiff (or multiple defendant) litigation on unrelated claims in order to circumvent the filing fee requirements for federal civil actions . . . ." *Morgan*, 2011 WL 2461470, at *2.[4] Thus, the Court finds that joinder of Lamothe and Johnson would not promote the judicial economy envisioned by Rule 20; rather, it would lead to inefficient litigation.

### III. CONCLUSION

Accordingly, the Motions to Join of prisoners Lamothe and Johnson are **DENIED**.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/ Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: July 5, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 5, 2012 by electronic and/or ordinary mail.

---

[4] While it is not clear wether Lamothe and Johnson are trying to avoid paying filing fees or complying with the *in forma pauperis* requirements, it could be a motivating factor.