UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY CLARDY,

       Plaintiff,                                    Case No. 12-cv-11153
                                                  HON. BERNARD A. FRIEDMAN
vs.                                                  MAG. JUDGE LAURIE J. MICHELSON

MICHAEL MULLENS, et al.,

       Defendants.

_____/

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I.    Introduction**

Pro se plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), commenced this action against defendants, current and former MDOC employees, for violating several of his constitutional rights pursuant to 42 U.S.C § 1983. Plaintiff specifically alleges that defendants Michael Mullins (incorrectly spelled "Mullens" in the caption) and Patrick Merry placed him in a segregated inmate unit and had him transferred to another correctional facility after he failed to provide defendants with information concerning an illegal contraband smuggling operation. Plaintiff also maintains that defendant Kevin Smith improperly refused to serve process on defendant Merry.

Before the Court is plaintiff's objections to Magistrate Judge Michelson's August 29, 2012 Report and Recommendation ("R&R") [docket entries 36 and 37]. The R&R granted defendants' motions for summary judgment [docket entries 15 and 23]. Defendants have not

1

filed a response to plaintiff's objections.  Since the Court has reviewed this matter *de novo* pursuant to Fed. R. Civ. P. 72(b)(3), and finds that the Magistrate Judge's recitation of the underlying facts is accurate, the Court will adopt the Magistrate Judge's summary of the factual record as it appears on pages 1 through 4 of the R&R.

In his objections, plaintiff argues that defendants Mullins and Merry deprived him of due process when they placed him in a segregated inmate unit and had him transferred to another correctional facility.  Plaintiff alleges that these defendants violated his due process liberty and/or property interest in continued employment with Michigan State Industries ("MSI"), an inmate jobs program.  Plaintiff also contends that defendants Mullins and Merry retaliated against him for exercising his First Amendment right to claim ignorance of the underlying facts in an investigation of prisoner misconduct.  Plaintiff asserts that the Michigan Attorney General can no longer represent defendant Merry because he is not a current MDOC employee.  Furthermore, plaintiff maintains that defendant Smith, in effect, denied him access to the courts when he declined to serve process on defendant Merry.

**II.   Analysis**

Pursuant to its *de novo* standard of review, the Court finds that the Magistrate Judge's conclusions are correct.  The Magistrate Judge properly noted that plaintiff does not have a due process liberty interest "in remaining free of disciplinary segregation," McKinley v. Bowlen, 8 F. App'x 488, 492 (6th Cir. 2001), or "in transfer from one prison to another 'for whatever reason or for no reason at all.'" Bazzetta v. McGinnis, 430 F.3d 795, 804 (6th Cir. 2005) *quoting* Meachum v. Fano, 427 U.S. 215, 228 (1976).  Similarly, plaintiff does not possess either a due process liberty or property interest in continued prison employment. See Dobbins v. Craycraft,

423 F. App'x 550, 552 (6th Cir. 2011); Roberts v. Croft, No. 12-0936, 2012 U.S. Dist. LEXIS 104571, at *31 (N.D. Ohio Jul. 26, 2012).

Additionally, plaintiff's contention that defendants Mullins and Merry retaliated against him for exercising his First Amendment right to assert ignorance of the underlying facts of a prison investigation is without merit because "[t]he act of refusing to provide information about fellow inmates is not 'protected conduct' under the First Amendment." Canosa v. State of Hawaii, No-05-00791, 2007 U.S. Dist. LEXIS 2790, at *28-29 (D. Haw. Jan. 11, 2007); see e.g. Hardeman v. Quarterman, No. 10-0016 , 2010 U.S. Dist. LEXIS 99271, at *3-4 (E.D. Tex. Sept. 20, 2010); but see Watson v. Norris, No. 07-0102, 2007 U.S. Dist. LEXIS 89525 (E.D. Ark. Dec. 5, 2007).

Plaintiff also lacks the requisite standing to challenge the Attorney General's representation of defendant Merry on the ground that he is no longer an MDOC employee. See Washington v. Randall-Owens, No. 06-12588, 2007 U.S. Dist. LEXIS 28484, at *5 (E.D. Mich. Apr. 18, 2007).  In any event, the Director of the MDOC or his designee " has the final authority as to whether a request for Department of Attorney General representation will be [approved or] denied," MDOC Policy 02.01.102(I),[1] and "[t]his Court has no. . . legal basis to alter the representation of" defendant Merry. Washington, 2007 U.S. Dist. LEXIS 28484, at *5-6.

Finally, the Magistrate Judge properly dismissed plaintiff's claim that defendant Smith, in effect, denied him access to the courts because defendant Smith's refusal to serve process on defendant Merry did not thwart plaintiff's ability to bring suit on his underlying claims and

---

[1] http://www.michigan.gov/documents/corrections/02_01_102_219888_7.pdf.

obtain redress in the courts. See Christopher v. Harbury, 536 U.S. 403, 415 (2002); Brown v. Matauszak, 415 F. App'x 608, 612 (6th Cir. 2011).

As the Court has reviewed the record, and finds that Magistrate Judge Michelson reached the correct result on the appropriate grounds, the R&R is affirmed.

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation is affirmed.

IT IS FURTHER ORDERED that plaintiff's objections are denied.


Dated: October 19, 2012                s/ Bernard A. Friedman_____
       Detroit, Michigan               BERNARD A. FRIEDMAN
                                       SENIOR UNITED STATES DISTRICT JUDGE